# EXHIBIT "A"

HOME     ONLINE SERVICES     COURT SERVICES     RECORDS     FEES

CLERK TO THE BOARD     USEFUL LINKS     HOW DO I....

# Leon County Clerk of the Circuit Court and Comptroller Court Case Search

## Full Case View

**Print Page**

| 37 2023 CA 000318 - CARR, LAWRENCE vs PENSKE TRUCK LEASING CO LIMITED PARTNERSHIP |
| --- |

| Party Status | Party | Party Code | Attorney | Attorney Status |
| --- | --- | --- | --- | --- |
| | PENSKE TRUCK LEASING CO LIMITED PARTNERSHIP , | DEFENDANT | PRO SE | ACTIVE |
| DISMISSED | PENSKE AUTOMOTIVE GROUP INC , | DEFENDANT | PRO SE | INACTIVE 03/01/2023 |
| | CARR, LAWRENCE | PLAINTIFF | MARIE A MATTOX | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
| --- | --- | --- | --- | --- | --- |
| OTHER DISCRIMINATION | OPEN | 2/20/2023 | | | COOPER |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | - | | | | | | |

Top of Page

| Judges Appearing on Case | | | |
| --- | --- | --- | --- |
| Last Name | First Name | Date Assigned | Source |
| COOPER | JOHN | 2/21/2023 8:55:19 AM | BM |

Top of Page

| **Viewing Option for Sensitive and Confidential Cases** <br><br> **Non-Viewable images in Court Cases Requiring Clerk Assistances** | e-Certify <br>  |
| --- | --- |

Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order
Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2/20/2023 | 2 | CCS 📄PDF | ☐ ‹-Req $ | CIVIL COVER SHEET | | | BM |
| 2/20/2023 | 3 | COMP_CA 📄PDF | ☐ ‹-Req $ | COMPLAINT | | | BM |
| 2/20/2023 | 4 | SUIS 📄PDF | ☐ ‹-Req $ | SUMMONS ISSUED | | | BM |
| 2/21/2023 | 1 | a002 | | JUDGE COOPER, JOHN C: ASSIGNED | | | BM |
| 2/21/2023 | 5 | RECEIPT 📄PDF | ☐ ‹-Req $ | PAYMENT $410.00 RECEIPT #1693046 | | | BM |
| 2/21/2023 | 6 | UOCC 📄PDF | | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2023-02-21 | | | BM |

| 3/1/2023 | 7 | AMCO_ PDF | ☐ ‹‹-*Req $* | AMENDED COMPLAINT | BM |
| 3/1/2023 | 8 | SUIS_ PDF | ☐ ‹‹-*Req $* | SUMMONS ISSUED | BM |
| 3/2/2023 | 9 | RECEIPT_ PDF | ☐ ‹‹-*Req $* | PAYMENT $10.00 RECEIPT #1695369 | BM |
| 3/9/2023 | 10 | ROSE_ PDF | ☐ ‹‹-*Req $* | RETURN OF SERVICE EXECUTED | BM |

[Top of Page](#)

| Event | Date | Start | Location | Judge | Result | Source |
|-------|------|-------|----------|-------|--------|--------|

[Top of Page](#)

| Docket Application | Owed | Paid | Dismissed | Due |
|--------------------|------|------|-----------|-----|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

[Top of Page](#)

| | | Ar Plan | | |
|--|--|--|--|--|
| Ordered Amt | Paid | Dismissed | Balance | Delinquent |

[Top of Page](#)

**FORM 1.997.     CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>LAWRENCE CARR</u>
Plaintiff

Case # <u>2023 CA 000318</u>
Judge _____

vs.

<u>PENSKE AUTOMOTIVE GROUP, INC. d/b/a PENSKE</u>
Defendant

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

### III.     TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox        Fla. Bar # 739685
        Attorney or party           (Bar # if attorney)

Marie A Mattox          02/20/2023
  (type or print name)         Date

- 3 -

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**LAWRENCE CARR,**

      **Plaintiff,**

**v.**

**PENSKE AUTOMOTIVE GROUP, INC.
d/b/a PENSKE,**

      **Defendant.**

_____/

**CASE NO.: 23-CA-**   2023 CA 000318
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, LAWRENCE CARR, hereby sues Defendant, PENSKE, and alleges:

### NATURE OF THE ACTION

1.      This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2.      This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

### THE PARTIES

3.      At all times pertinent hereto, Plaintiff, LAWRENCE CARR, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his race and he was retaliated against after reporting Defendant's unlawful employment practices.

4.      At all times pertinent hereto, Defendant, PENSKE, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an

"employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.    Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.    Plaintiff, an African American male, began his employment with Defendant on or about June 2018 and held the position of Customer Service Representative ("CSR") at the time of his wrongful termination in March 2019.

7.    Despite his stellar work performance during his employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his race, and because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.    The disparate treatment and retaliation came at the hands of specifically but not limited to Fleet Supervisor Bill Kinney, a Caucasian male and Manager Salvatore l/n/u, who appeared to be a Caucasian male.

9.    Throughout Plaintiff's employment, Kinney targeted African American workers by reprimanding them and yelling at them for talking in the workplace while allowing Caucasian workers to talk in the workplace without reprimand.

10.    Throughout Plaintiff's employment, he and other African American workers repeatedly complained about racial discrimination in the workplace to Manager Salvatore f/n/u and Supervisor Blake Holt with no corrective action taken. In fact, Salvatore told Plaintiff and other African American workers who complained to "stop bitching and just worry about yourself".

11.     Plaintiff was also treated differently if he was even a few minutes late. However, CSR Chris l/n/u ("Chris"), a Caucasian male, would arrive hours late and would not be reprimanded.

12.     In the Fall 2018, Plaintiff received a small raise at the same time that Chris received a larger raise even though they were performing the same duties. This was in spite of the fact that Chris was caught sleeping on the job without reprimand.  Plaintiff and other African American workers were also assigned perform the more difficult tasks.

13.     In the Spring 2019, Defendant's Human Resources official called a meeting where Plaintiff and other African American workers complained about racial discrimination in the workplace with no corrective action taken.

14.     Thereafter, in March 2019 Chris was recklessly driving a company vehicle on company grounds and Plaintiff attempted to stop him when Chris called Plaintiff a "nigger". Plaintiff was called into the office and was told by Supervisor Kinney that Chris accused Plaintiff of physically hitting him which Plaintiff denied. Plaintiff reported the racial slur by Chris.

15.     CSR Derex Hall, an African American male, was a witness to the incident and told Management that Plaintiff never touched Chris.

16.     However, Plaintiff was wrongfully terminated, and Chris remained employed with Defendant.

17.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

**COUNT I**
**RACE DISCRIMINATION**

18.     Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19.    This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

20.    Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

21.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

22.    Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

23.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

24.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

25.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

26.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,

4

inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## RETALIATION – CHAPTER 760

27.      Paragraphs 1 through 17 are realleged and incorporated herein by reference.

28.      Defendant is an employer as that term is used under the applicable statutes referenced above.

29.      The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting him under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

30.      The foregoing unlawful actions by Defendant were purposeful.

31.      Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

32.      Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

33.      As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

    (a)    that process issue and this Court take jurisdiction over this case;

    (b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

    (c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

    (d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

    (e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

    (f)    award Plaintiff interest where appropriate; and

    (g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 20th day of February 2023.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com


ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

LAWRENCE CARR,

      Plaintiff,

v.

PENSKE AUTOMOTIVE GROUP, INC.
d/b/a PENSKE,

      Defendant.

_____/

CASE NO.: 23-CA- 2023 CA 000318
FLA BAR NO.: 0739685

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **PENSKE AUTOMOTIVE GROUP, INC. d/b/a PENSKE**
      **c/o C T CORPORATION SYSTEM – REGISTERED AGENT**
      **1200 SOUTH PINE ISLAND ROAD**
      **PLAINTATION, FL 33324**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2023.

                   CLERK OF THE CIRCUIT COURT

                   By: _____  02/21/2023



# LEON COUNTY Receipt of Transaction
## Receipt #    1693046

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A Mattox

,

**On Behalf Of:**

On: 2/21/2023  8:55:26AM
Transaction # 100968992
Cashiered by: L WILLIAMS

,

CaseNumber  2023 CA 000318

**Judge**  JOHN C COOPER

**LAWRENCE CARR** *VS*  **PENSKE AUTOMOTIVE GROUP, INC. D/B/A PENSKE**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 167170852 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | **Payments Total:** | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**LAWRENCE CARR**

Plaintiff

vs                                                              CASE NO.: 2023 CA 000318

**PENSKE AUTOMOTIVE GROUP INC**

Defendant

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Tuesday, February 21, 2023

JOHN C COOPER CIRCUIT JUDGE

JOHN C COOPER
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

LAWRENCE CARR,                                    CASE NO.: 23-CA-318
                                                  FLA BAR NO.: 0739685
        Plaintiff,

v.

PENSKE TRUCK LEASING, CO.,
LIMITED PARTNERSHIP,

        Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, LAWRENCE CARR, hereby sues Defendant, PENSKE TRUCK LEASING,

CO., LIMITED PARTNERSHIP, and alleges:

## NATURE OF THE ACTION

1.      This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes.

2.      This action involves claims which are, individually, in excess of Fifty Thousand

Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, LAWRENCE CARR, has been a resident of

the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

due to his race and he was retaliated against after reporting Defendant's unlawful employment

practices.

4.      At all times pertinent hereto, Defendant, PENSKE TRUCK LEASING CO.,

LIMITED PARTNERSHIP, has been conducting business in the State of Florida. At all times

pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## **CONDITIONS PRECEDENT**

5.    Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## **STATEMENT OF THE ULTIMATE FACTS**

6.    Plaintiff, an African American male, began his employment with Defendant on or about June 2018 and held the position of Customer Service Representative ("CSR") at the time of his wrongful termination in March 2019.

7.    Despite his stellar work performance during his employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his race, and because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.    The disparate treatment and retaliation came at the hands of specifically but not limited to Fleet Supervisor Bill Kinney, a Caucasian male and Manager Salvatore l/n/u, who appeared to be a Caucasian male.

9.    Throughout Plaintiff's employment, Kinney targeted African American workers by reprimanding them and yelling at them for talking in the workplace while allowing Caucasian workers to talk in the workplace without reprimand.

10.    Throughout Plaintiff's employment, he and other African American workers repeatedly complained about racial discrimination in the workplace to Manager Salvatore f/n/u and Supervisor Blake Holt with no corrective action taken. In fact, Salvatore told Plaintiff and other African American workers who complained to "stop bitching and just worry about yourself".

11.     Plaintiff was also treated differently if he was even a few minutes late. However, CSR Chris l/n/u ("Chris"), a Caucasian male, would arrive hours late and would not be reprimanded.

12.     In the Fall 2018, Plaintiff received a small raise at the same time that Chris received a larger raise even though they were performing the same duties. This was in spite of the fact that Chris was caught sleeping on the job without reprimand.  Plaintiff and other African American workers were also assigned perform the more difficult tasks.

13.     In the Spring 2019, Defendant's Human Resources official called a meeting where Plaintiff and other African American workers complained about racial discrimination in the workplace with no corrective action taken.

14.     Thereafter, in March 2019 Chris was recklessly driving a company vehicle on company grounds and Plaintiff attempted to stop him when Chris called Plaintiff a "nigger". Plaintiff was called into the office and was told by Supervisor Kinney that Chris accused Plaintiff of physically hitting him which Plaintiff denied. Plaintiff reported the racial slur by Chris.

15.     CSR Derex Hall, an African American male, was a witness to the incident and told Management that Plaintiff never touched Chris.

16.     However, Plaintiff was wrongfully terminated, and Chris remained employed with Defendant.

17.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

18.     Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

20.     Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

21.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

22.     Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

23.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

24.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

25.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

26.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,

inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**COUNT II**
**RETALIATION – CHAPTER 760**

27.    Paragraphs 1 through 17 are realleged and incorporated herein by reference.

28.    Defendant is an employer as that term is used under the applicable statutes referenced above.

29.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting him under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

30.    The foregoing unlawful actions by Defendant were purposeful.

31.    Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

32.    Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

33.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 1st day of March 2023.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com


ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

LAWRENCE CARR,

CASE NO.: 23-CA-318
FLA BAR NO.: 0739685

      Plaintiff,

v.

PENSKE TRUCK LEASING, CO.,
LIMITED PARTNERSHIP,

**SUMMONS**

      Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**PENSKE TRUCK LEASING, CO., LIMITED PARTNERSHIP**
**C/O CORPORATION SERVICE COMPANY – REGISTERED AGENT**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-25**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____ *3/2/2023* _____, 2023.

                       CLERK OF THE CIRCUIT COURT

                       By: _Yolanda Smith_____



# LEON COUNTY Receipt of Transaction
## Receipt #    1695369

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A Mattox

,

**On Behalf Of:**

On: 3/2/2023  9:57:27AM
Transaction # 100971715
Cashiered by: Y SMITH

,

CaseNumber  **2023 CA 000318**

**Judge**   JOHN C COOPER

**LAWRENCE CARR**  *VS*  **PENSKE AUTOMOTIVE GROUP INC**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total:** | **420.00** | **410.00** | **0.00** | **10.00** | **10.00** | **0.00** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Grand Total:** | **420.00** | **410.00** | **0.00** | **10.00** | **10.00** | **0.00** |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 167850998 | OK | 10.00 | 0.00 | 0.00 | 0.00 | 10.00 |
| | **Payments Total:** | | **10.00** | **0.00** | **0.00** | **0.00** | **10.00** |

Page 1 of 1

# VERIFIED RETURN OF SERVICE

Job # T230700

**Client Info:**

MARIE MATTOX, PA
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| LAWRENCE CARR | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2023-CA-000-318** |
| PENSKE TRUCK LEASING CO, LIMITED PARTNERSHIP | |

**Service Info:**

**Received by BRENNAN FOGARTY: on March, 3rd 2023** at **10:33 AM**
**Service:** I Served **PENSKE TRUCK LEASING CO, LIMITED PARTNERSHIP C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT**
With: **SUMMONS; AMENDED COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**
by leaving with **Monalisa Hart, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

**At Business 1201 HAYS ST TALLAHASSEE, FL 32301**
On **3/6/2023** at **01:45 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **BRENNAN FOGARTY** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**BRENNAN FOGARTY**
Lic # **230**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T230700**



